

# THE ATTORNEY GENERAL
## OF TEXAS

GERALD C. MANN      AUSTIN 11, TEXAS

~~WILLWILSON~~XXX
**ATTORNEY GENERAL**

Honorable Homer Garrison, Jr.,
Director, Department of Public Safety
Austin, Texas

Dear Mr. Garrison:      Opinion No. O-2202
                 Re: Departmental Appropria-
                     tion Act, 1939 -- De-
                     partment of Public
                     Safety -- Employees'
                     vocation.

This will acknowledge receipt of your letter of date April 11, 1940, requesting a legal opinion upon the following stated case:

"The Department of Public Safety has four boys employed to work forty-eight hours each week. Two of these employees are carried as night watchmen, one is carried as laborer, and one is carried as a relief telephone operator. They are paid from the Contingent Fund, Main Division, Department of Public Safety. From September 1, 1939, to April 1, 1949, they were paid at the rate of seventy-five ($75.00) dollars per month. Beginning April 1, 1940, they will be paid at the rate of three ($3.00) dollars per day from the Contingent Fund, Main Division. Each of these four employees has been employed by the Department of Public Safety more than six months.

"Under the provisions of the appropriation bill, are these employees entitled to twelve days vacation?"

The boys mentioned by you are entitled to the twelve days' vacation specified in the Appropriation Act.

A rider to S. B. No. 427 (the current biennial Appropriation Act) governing your department provides:

"Department employees shall, without deduction in salary, receive not exceeding twelve days' vacation, exclusive of Sundays and legal holidays, on which State offices are closed, for each State fiscal year, such vacation period to be mutually agreed upon by the head of each department with his employees, provided, that employees belonging to the Texas National Guard may have their vacation at the time of the meeting of the annual encampment. Provided, that no employee for whom a salary is hereby appropriated, shall receive compensation while on vacation unless he or she has been an employee of the department for not less than six calendar months preceeding the vacation period."

The provision for vacation applies to "department employees" and is not limited to those employees specifically named in the appropriation. Undoubtedly, the men mentioned by you are "department employees."

The men are not within the provise cutting out employees who have not been in the service of the department for six calendar months preceeding the vacation period, since the provise requiring such employment for six calendar months does not demand that such prior employment be in the precise capacity as the employee's present service. It is enough that he has been "an employee of the department" for the requisite time. Under your statement these young men meet every require-

ment for the permitted twelve-days' vacation without deduction in salary.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By                                  Ocie Speer
                                    Assistant

OS-MR

APPROVED APRIL 16, 1940
GERALD C. MANN
ATTORNEY GENERAL OF TEXAS

APPROVED OPINION COMMITTEE
BY BWB, CHAIRMAN